**LEON LAW LLP**
Tomas Carlos Leon, Esquire (CA Bar No. 321117)
1145 W. 55th Street, Los Angeles, CA 90037
(512) 965-9637
tommie@leon.law

EDDY LEAL, P.A.
777 BRICKELL AVENUE, SUITE 500
MIAMI, FL 33131
PHONE: 305-979-3900
EMAIL: EL@LEALLEGAL.COM
E-SERVICE: ESERVICE@LEALLEGAL.COM

BY: /S/ EDDY LEAL
EDDY LEAL, ESQ.
FLORIDA BAR NO. 96030

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS HOLISTIC, LLC,<br>Plaintiff,<br><br>v.<br><br>MICHEL AFFI d/b/a ABC Wholesale Imports,<br>Defendants. | No. 2:24-cv-06310-DSF-SK<br>Judge: Dale S. Fischer<br><br>**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Date: May 18, 2026<br>Time: 3:00 PM<br>Crtrm: 7D<br><br>Pre-Trial Conference: May 18, 2026<br>Trial Date: June 23, 2026 |

Pursuant to Local Rule 16-4, the Plaintiff, GS HOLISTIC, LLC (hereinafter referred to as "GS"), by and through its undersigned counsel, hereby submits the following Memorandum of Contentions of Fact and Law in advance of the Pretrial Conference, currently scheduled for May 18, 2026[1]:

[1] Plaintiff is requesting a continuance of the pre-trial conference via a separate motion.

## I. INTRODUCTORY STATEMENT

The Plaintiff, GS HOLISTIC, LLC is a Delaware Limited Liability Corporation that does business throughout the United States. GS HOLISTIC, LLC is the registered owner of the "Stündenglass" trademarks including but not limited to U.S. Trademark Registration Numbers 6,633,884; 6,174,292; 6,174,291. GS sells its products under the Stündenglass Marks to authorized stores in the United States, including in California. GS has authorized approximately 3,000 stores nationwide. It is because of the recognized quality and innovation associated with the Stündenglass Marks that consumers are willing to pay higher prices for genuine Stündenglass products. For example, a Stündenglass brand gravity infuser is priced at retail at $599.95, while counterfeit non-Stündenglass gravity infusers with the fake Stündenglass mark are being sold for a range of $199 to $600. It is exactly because of their higher sales value that Stündenglass branded products are targeted by counterfeiters. The counterfeiters tarnish the Stündenglass brand by unlawfully selling gravity infusers that have identical, or nearly identical, versions of the Stündenglass Marks affixed to products that are made with inferior or different materials, thereby leading to significant illegitimate profits by store owners, such as the Defendants in the instant case. Moreover, GS offers a 10-year warranty on its products, and when the counterfeit products break or need repair, innocent purchasers learn that they do not have a warranty on the goods, tarnishing GS's public image.

The sale of the counterfeit products also cause harm to GS in that legitimate store owners will not purchase authentic Stündenglass gravity infusers when stores selling counterfeiter products are selling products which appear to be identical at half the price of which authentic products can be sold.

As such, in an effort to enforce its intellectual property and protect its trademarks, Plaintiffs have put great expense to investigate and pursue numerous unauthorized uses of its Marks in commerce. In the instant case, on or about June 6, 2022, GS's investigator, David Perry, attended Defendant's location and observed gravity infusers which displayed the Stündenglass Trademarks. The investigator purchased a 4 fake Stündenglass gravity infuser with the three aforementioned Stündenglass Marks affixed to it, from Defendant, for a cost of $600.00, charged to the account of GS's investigator, and it was a Counterfeit product in that it displayed the Infringing Marks. Analysis of the counterfeit product revealed that it was composed of inferior or different materials than genuine Stündenglass brand products such that it's use in commerce would cause consumers to be misled into believing the quality of the counterfeit product as being representative of all products having the Stündenglass Mark affixed to them.

The unauthorized offering for sale by Michel Affi of the Counterfeit Good(s) was an unlawful act in violation of the Lanham Act and has caused GS to suffer losses and has caused damage to the goodwill and reputation associated with the Stündenglass Trademarks, which are owned by GS. Furthermore, given the

substantial deviation in the quality of the counterfeit product from that of Plaintiff's products having the registered Stündenglass Mark, as well as Defendant's holding themselves out as merchants of gravity infuser waterpipes, Michel Affi was either willful, reckless disregard, or willfully blind to Plaintiff's ownership of the Stündenglass Mark. As such, Plaintiff is entitled to additional damages Defendant Affi's willful sales of counterfeit goods having the Stündenglass Mark.

It is Plaintiff's duty as the holder of a registered Mark, to enforce its trademark rights by preventing others from unauthorized use of its trademark in commerce, lest the Stündenglass Mark cease to be a source indicator for goods by which the public may recognize.

## II. L.R. 16-14.1 CLAIMS AND DEFENSES

The Plaintiff asserts three claims against Defendants: (1) trademark infringement and counterfeiting under the Laham Act, (2) false designation of origin under the Lanham Act, and (3) direct and contributory infringement of patents (D.E. 17).

### A. Plaintiff's Claims: Summary Statement, Elements, and Key Supporting Evidence

#### 1. Claim 1: Trademark Infringement and Counterfeiting [15 U.S.C. § 1114]

The Defendant has infringed upon the Plaintiff's registered trademarks by, offering for sale and selling counterfeit and infringing Stündenglass Gravity Infusers in violation of the Lanham Act.

**a. Elements of Claim 1**

To establish a claim for trademark infringement and counterfeiting, the Plaintiff must demonstrate the following:

1) The Plaintiff's Stündenglass Marks are valid, protectable trademarks;

2) The Plaintiff owns these trademarks; and

3) The Defendants used a counterfeit of these symbols or a mark similar to these symbols without consent of the Plaintiff in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods.

*See* Ninth Circuit Manual of Model Civil Jury Instructions § 15.6 (2020)

**b. Brief Summary of Key Evidence in Support of Claim 1**

The key evidence that the Plaintiff will introduce in support of Claim 1 includes, without limitation:

- Evidence, including screenshots, documents, and testimony, regarding the Plaintiff and its registered trademarks, including but not limited to the Plaintiff's products, designs and trademarks, advertising, sales, popularity and brand recognition, and customers.
- Evidence, including documents, screenshots, and testimony, demonstrating that the Plaintiff has used the trademarks, including by selling and offering to sell, products bearing the trademarks.

- Evidence, including documents and testimony, demonstrating the nature and extent of the Plaintiff's use of its trademarks in public and in the marketplace.
- Evidence, including screenshots, documents, and testimony, demonstrating the strength of the Plaintiff's trademarks.
- Evidence, documents and testimony, demonstrating the Defendants' use of the Plaintiff's trademarks, including advertising, offering for sale, and selling counterfeit and infringing products.
- Evidence, including documents, the counterfeit product sold by Defendants, an authentic product sold by the Plaintiff, and testimony, showing the Defendants' counterfeiting and infringement creates a likelihood of confusion.
- Evidence, including documents, products, and testimony, demonstrating the similarity of the Plaintiff's trademarks to the Defendants' counterfeit products.
- Evidence, including documents, products, and testimony, demonstrating the proximity and relatedness of the Plaintiff's and Defendant's goods.
- Evidence, including documents, and testimony that the Defendants' customers exercise a low degree of consumer care.
- Evidence, including documents and testimony demonstrating that the Defendants has knowingly infringed the Plaintiff's trademarks.
- Evidence, including documents and testimony, demonstrating that the Defendants tolerate and encourage infringement and counterfeiting, and

discourages customers from reporting instances of infringement.

**2. Claim 2: False Designation of Origin [15 U.S.C. § 1125(a)]**

The Defendants have infringed the Plaintiff's unregistered trademarks by, offering to sell, and selling infringing products at its retail store in violation of the Lanham Act.

**a. Elements of Claim 2**

To establish a claim for trademark infringement, the Plaintiff must demonstrate the following:

1) The Plaintiff's trademarks are valid, protectable trademarks;

2) The Plaintiff owns these trademarks; and

3) The Defendants used a counterfeit of these symbols or a mark similar to these symbols without consent of the Plaintiff in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods.

*See* Ninth Circuit Manual of Model Civil Jury Instructions § 15.6 (2020)*; see also Scott & Addison v. Pinkblush,* No. 20-cv-01160-SB-DFM, 2021 U.S. Dist. LEXIS 156953, at *3 (C.D. Cal. Apr. 5, 2021)

**b. Brief Summary of Key Evidence in Support of Claim 2**

The key evidence that the Plaintiff will introduce in support of Claim 2 is largely similar to the evidence it will introduce in support of Claim 1.

**B. <u>A summary statement of the counterclaims and affirmative defenses Defendant has pleaded and plans to pursue.</u>**

Defendant did not file a counterclaim. Defendant raised the following affirmative defenses: First-Sale Doctrine / Trademark Exhaustion; Patent Exhaustion / Authorized Sale; Innocent Infringer / Lack of Willfulness; Absence of Willful Infringement; Lack of Statutory Notice (15 U.S.C. § 1111); Failure to Mark (35 U.S.C. § 287); Laches (Unreasonable Delay); Estoppel by Acquiescence; Failure to Mitigate Damages; Invalidity of the Design Patents; Non-Infringement (No Substantial Similarity); and Mootness (No Ongoing or Future Infringement). Plaintiff is unaware whether Defendant intends to pursue any of them.

## III. <u>L.R. 16-4.3: BIFURCATION OF ISSUES</u>

The Plaintiff does not request bifurcation of any issues.

## IV. <u>L.R. 16-4.4: JURY TRIAL</u>

The Plaintiff timely requested a jury trial, as provided in Federal Rule of Civil Procedure 38(a), in the Answer (DE 17 and submits that the issues herein are triable to a jury as a matter of right. The only non-jury issues are the Plaintiff's request for injunctive relief.

## V. <u>L.R. 16-4.5: ATTORNEYS' FEES</u>

The Lanham Act authorizes this Court to award reasonable attorneys' fees to

the prevailing party in exceptional cases. 15 U.S.C. § 1117(a).

## VI. L.R. 16-4.6: ABANDONMENT OF ISSUES

The Plaintiff has not abandoned any pleaded claims.

Date: May 5, 2026

Respectfully submitted,

*/s/ Tomas Carlos Leon*
Tomas Carlos Leon
CA Bar No. 321117
tommie@leon.law
**Leon Law LLP**
1145 W. 55th Street
Los Angeles, CA 90037
512-965-9637

**Eddy Leal, PA**
Eddy Leal
777 Brickell Avenue, Suite 500
Miami, FL 33131
Phone: 305-979-3900
Email: EL@leallegal.com
E-Service: eservice@leallegal.com

By: /s/ Eddy Leal
Eddy Leal, Esq.
Florida Bar No. 96030
*Attorneys for Plaintiff.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 5, 2026, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.

*/s/ Tomas Carlos Leon.*
Tomas Carlos Leon