**Instruction No. ___**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial, I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

**Instruction No. ___**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff GS Holistic asserts that it markets and sells glass infusers and related products under its three registered Stündenglass trademarks. GS Holistic claims that the defendant, Michel Affi, operated a retail store. GS Holistic claims that, through that store, Ms. Abdulnour offered for sale products that were not genuine Stündenglass products but instead used the Stündenglass trademarks without GS Holistic's consent. GS Holistic further claims that these products were counterfeit and bore imitations of its trademarks that were not made or authorized by GS Holistic.

GS Holistic asserts that using counterfeit trademarks in connection with the sale of these goods constitutes willful trademark infringement under federal law.

The plaintiff GS Holistic has the burden of proving these claims.

The defendant Michel Affi denies those claims.

**Instruction No. ___**

The plaintiff GS Holistic seeks damages against the defendant Michel Affi for trademark infringement. Ms. Abdulnour denies infringing the trademark. To help you understand the evidence that will be presented in this case, I will explain some of the legal terms you will hear during this trial.

**DEFINITION AND FUNCTION OF A TRADEMARK**

A trademark is a word, name, symbol, or device, or any combination of these items that indicates the source of goods. The owner of a trademark has the right to exclude others from using that trademark or a similar mark that is likely to cause confusion in the marketplace. The main function of a trademark is to identify and distinguish goods or services as the product of a particular manufacturer or merchant and to protect its goodwill.

**HOW A TRADEMARK IS OBTAINED**

A person acquires the right to exclude others from using the same mark or a similar mark that is likely to cause confusion in the marketplace by being the first to use it in the marketplace, or by using it before the alleged infringer. Rights in a trademark are obtained only through commercial use of the mark.

**TRADEMARK INTERESTS**

A trademark owner may enforce the right to exclude others in an action for infringement.

**TRADEMARK REGISTRATION**

After the owner of a trademark has obtained the right to exclude others from using the trademark, the owner may obtain a certificate of registration issued by the United States Patent and Trademark Office. Thereafter, when the owner brings an action for infringement, the owner may rely solely on the registration certificate to prove that the owner has the right to exclude others from using the trademark or a similar mark that is likely to cause confusion in the marketplace in connection with the type of goods specified in the certificate.

**LIKELIHOOD OF CONFUSION**

[To prove infringement, the plaintiff GS Holistic must prove, by a preponderance of the evidence, that the defendant Michel Affi, without the GS Holistic's consent, used in commerce a reproduction, copy, counterfeit or colorable imitation of GS Holistic's trademarks in connection with the distribution or advertisement of goods, such that the Ms. Abdulnour's use of the mark is likely to cause confusion as to the source of the goods. It is not necessary that the mark used by the Ms. Abdulnour be an exact copy of the GS Holistic's mark. Rather, GS Holistic must demonstrate that, viewed in its entirety, the mark used by Ms. Abdulnour is likely to cause confusion in the minds of reasonably prudent purchasers or users as to the source of the product in question.

**THE PLAINTIFF'S BURDEN OF PROOF**

In this case, the plaintiff GS Holistic contends that the defendant Michel Affi has infringed the GS Holistic's trademark. GS Holistic has the burden of proving by a preponderance of the evidence that it is the owner of a valid trademark and that Ms. Abdulnour infringed that trademark. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the defendant infringed GS Holistic's trademark.

**Instruction No. ___**

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Instruction No. ___**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits that are admitted into evidence;

(3) any facts to which the lawyers have agreed; and

(4) any facts that I may instruct you to accept as proved.

**Instruction No. ___**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Instruction No. ___**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**Instruction No. ___**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Instruction No. ___**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Instruction No. ___**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.
>
> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications,

then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, requiring the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately, by sending a note through the bailiff signed by any one or more of you.

**Instruction No. ___**

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch, or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

**Instruction No. ___**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

**Instruction No. ___**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**Instruction No. ___**

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

**Instruction No. ___**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Instruction No. ___**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Instruction No. ___**

Michel Affi is representing herself in this trial. This fact must not affect your consideration of the case. Self-represented parties and parties represented by an attorney are entitled to the same fair consideration.

Because Michel Affi is acting as her own lawyer, you will hear her speak at various times during the trial. She may make an opening statement and closing argument and may ask questions of witnesses, make objections, and argue legal issues to the court. I want to remind you that when Michel Affi speaks in these parts of the trial, she is acting as her own advocate, and her words are not evidence. The only evidence in this case comes from witnesses who testify under oath on the witness stand or by deposition and from exhibits that are admitted into evidence. When a self-represented party testifies, you should treat this testimony just as you would the testimony of any other witness.

**Instruction No. ___**

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the Internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

If you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.

**Instruction No. ___**

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**Instruction No. ___**

A trademark is any word, name, symbol, device, or any combination thereof, used by a person to identify and distinguish that person's goods from those of others and to indicate the source of the goods.

GS Holistic is a person as that term is used in these instructions.

A person who uses the trademark of another may be liable for damages.

**Instruction No. ___**

On the plaintiff GS Holistic's claim for trademark infringement, GS Holistic has the burden of proving each of the following elements by a preponderance of the evidence:

First, the STÜNDENGLASS marks and S-design logo are a valid, protectable trademarks;

Second, GS Holistic owns the STÜNDENGLASS marks and S-design logo as trademarks;

Third, the defendant Michel Affi used the STÜNDENGLASS marks and S-design logo in interstate commerce; and

Fourth, the defendant Michel Affi used the STÜNDENGLASS marks and S-design logo without the consent of the plaintiff GS Holistic in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods.

If you find that each of the elements on which the plaintiff GS Holistic has the burden of proof has been proved, your verdict should be for the plaintiff GS Holistic. If, on the other hand, the plaintiff GS Holistic has failed to prove any of these elements, your verdict should be for the defendant Michel Affi.

**Instruction No. ___**

I gave you instruction number 21 that requires the plaintiff GS Holistic to prove by a preponderance of the evidence that STÜNDENGLASS and the S-design logo are valid and protectable and that the GS Holistic owns them.

One way for GS Holistic to prove trademark validity is to show that the trademark is registered. An owner of a trademark may obtain a certificate of registration issued by the United States Patent and Trademark Office and may submit that certificate as evidence of the validity and protectability of the trademark and of the certificate holder's ownership of the trademark covered by that certificate.

Exhibit 1 are three certificates of registration from the United States Patent and Trademark Office.

The facts recited in these certificates are:

1. U.S. Trademark Registration Number 6,633,884 for the standard character mark STÜNDENGLASS for devices used to smoke foods and drinks, namely, clearomizers, vaporizers, cartomizers, atomizers, and heating elements that create vapor and smoke from oils and smoke fuels that are then water filtered in a gravity water filter that are then directed via an opening to infuse the vapor and smoke into foods and drinks.

2. U.S. Trademark Registration Number 6,174,291 for the standard character mark STÜNDENGLASS for gravity water pipes for smoking purposes.

3. U.S. Trademark Registration Number 6,174,292 for the design plus words mark "S" and its logo for gravity water pipes for smoking purposes.

**Instruction No. ___**

The law entitles the trademark owner to exclude others from using that trademark. A person acquires the right to exclude others from using a trademark by lawfully using it first in the marketplace or by lawfully using it before the alleged infringer.

**Instruction No. ___**

The plaintiff GS Holistic asserts that STÜNDENGLASS and the S-design logo are trademarks for its goods. GS Holistic contends that the defendant Michel Affi's use of STÜNDENGLASS and the S-design logo in connection with the sale of gravity infuser infringes GS Holistic's trademarks because it is likely to cause confusion.

You must consider whether a reasonably prudent consumer in the marketplace is likely to be confused as to the origin of the goods bearing one of the marks.

I will suggest some factors you should consider. You should not focus on any one factor to resolve whether there was a likelihood of confusion, because you must consider all relevant evidence. As you consider the likelihood of confusion you should examine the following:

(1) Strength or Weakness of the Plaintiff's Mark. The more distinctive the plaintiff's mark is and the more the consuming public recognizes the plaintiff's trademark, the more likely it is that consumers would be confused about the source of the defendant's goods if the defendant uses a similar mark.

(2) The Defendant's Use of the Mark. If the defendant and the plaintiff use their trademarks on the same, related, or complementary kinds of goods, there may be a greater likelihood of confusion about the source of the goods than otherwise.

(3) Similarity of the Plaintiff's and the Defendant's Marks. If the overall impression created by the plaintiff's trademark in the marketplace is similar to that created by the defendant's trademark in appearance, there is a greater chance that consumers are likely to be confused by the defendant's use of a mark.

(4) Actual Confusion. If the defendant's use of the plaintiff's trademark has led to instances of actual confusion, this strongly suggests a likelihood of confusion. However, actual confusion is not required for a finding of likelihood of confusion. Even if actual confusion did not occur, the defendant's use of the trademark may still be likely to cause confusion. As you consider whether the trademark used by the defendant creates for consumers a likelihood of confusion with the plaintiff's trademark, you should weigh any instances of actual confusion against the opportunities for such confusion. If the instances of actual confusion have been relatively frequent, you may find that there has been substantial actual confusion. If, by contrast, there is a very large volume of sales, but only a few isolated instances of actual confusion, you may find that there has not been substantial actual confusion.

(5) The Defendant's Intent. Knowing use by the defendant of the plaintiff's trademark to identify similar goods may strongly show an intent to derive benefit from the reputation of the plaintiff's mark, suggesting an intent to cause a likelihood of confusion. On the other hand, even in the absence of proof that the defendant acted knowingly, the use of the plaintiff's trademark to identify similar goods may indicate a likelihood of confusion.

(6) Marketing/Advertising Channels. If the plaintiff's and the defendant's goods are likely to be sold in the same or similar stores or outlets, or advertised in similar media, this may increase the likelihood of confusion.

(7) Consumer's Degree of Care. The more sophisticated the potential buyers of the goods or the more costly the goods, the more careful and discriminating the reasonably prudent purchaser exercising ordinary caution may be. They may be less likely to be confused by similarities in the plaintiff's and the defendant's trademarks.

**Instruction No. ___**

Counterfeiting creates a presumption of a likelihood of confusion because the products are likely to confuse consumers when the marks on those products are identical to or closely resemble a plaintiff's marks.

**Instruction No. ___**

To recover damages, the plaintiff GS Holistic has the burden of proving by a preponderance of the evidence that the defendant Michel Affi had either statutory or actual notice that the plaintiff GS Holistic's trademarks were registered.

Defendant Michel Affi had statutory notice if plaintiff GS Holistic displayed the trademark with the letter R enclosed within a circle, thus ®.

**Instruction No. ___**

In cases involving the use of a counterfeit mark, the plaintiff may elect to receive statutory damages instead of actual damages and the infringer's profits. Statutory damages are damages established by Congress in the Lanham Act.

In a case involving the use of a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services, statutory damages shall be awarded in the amount of:

(1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed; or

(2) if the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed.

Statutory damages serve multiple purposes. They may compensate the victim, penalize the wrongdoer, deter future wrongdoing, or serve all those purposes.

GS Holistic has elected to receive statutory damages.

**Instruction No. ___**

Willful infringement occurs if a defendant had knowledge that his conduct constituted infringement. Willful infringement may be attributed to the defendant's actions where he showed a reckless disregard for the owner's right. Knowledge need not be proved directly, but can be inferred from a defendant's conduct.

**Instruction No. ___**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Instruction No. ___**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**Instruction No. ___**

A verdict form has been prepared for you. The verdict form is the written decision that you reach in this case. Each of the questions on the verdict forms calls for a "Yes" or "No" answer. The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided opposite each question.

You may not need to answer every question, only the ones that follow from your earlier answers. If an earlier answer makes a later question irrelevant, skip it. Follow the specific instructions for each question.

After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

**Instruction No. ___**

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.

Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.

Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me, and I will assist.