**MGM L.C.**
David Fernandez (SBN: 353907)
*df@mgm.law*
324 S. Beverly Dr. #137
Beverly Hills, CA 90212
Phone: (424) 281-0320
E-mail: service@mgm.law

Attorney for Defendant, MICHEL AFFI, d/b/a ABC WHOLESALE IMPORTS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GS HOLISTIC, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MICHEL AFFI, d/b/a ABC WHOLESALE IMPORTS,<br><br>Defendant. | Case No.: 2:24-cv-06310-DSF-SK<br><br>**DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>[Honorable Dale S. Fischer<br>Magistrate Judge Steve Kim]<br><br>**Final Pretrial Conference:**<br>Date: May 18, 2026<br>Time: 3:00 p.m.<br>**Trial:**<br>Date: June 23, 2026<br>Time: 8:30 a.m.<br>Place: Courtroom 7D |

**TO THIS HONORABLE COURT, AND TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD HEREIN:**

Pursuant to Local Rule 16-4 and this Court's Scheduling Order (ECF No. 28), Defendant Michel Affi d/b/a ABC Wholesale Imports hereby submits the following Memorandum of Contentions of Fact and Law.

Defendant reserves the right to amend or supplement this Memorandum to address any rulings of this Court, including rulings on the pending motions in limine, and as otherwise permitted under the Local Rules.

# TABLE OF CONTENTS


**I. INTRODUCTION** .......... 5

**II. CONTENTIONS OF FACT** .......... 5

**III. L.R. 16-4.1 CLAIMS AND DEFENSES** .......... 8

A. Summary statement of the claims Plaintiff has pleaded and plans to pursue. .......... 8

B. Elements required to establish Plaintiff's claims. .......... 8

C. Brief description of the key evidence in opposition to each of the claims .......... 11

D. Summary statement of the affirmative defenses Defendant has pleaded and plans to pursue. .......... 12

E. Elements required to establish Defendant's affirmative defenses. .......... 13

F. Key evidence in support of Defendant's affirmative defenses. .......... 14

G. Similar statements for all third parties. .......... 15

H. Anticipated evidentiary issues and Defendant's position. .......... 15

I. Issues of law germane to the case and Defendant's position. .......... 17

**IV. BIFURCATION OF ISSUES** .......... 18

**V. JURY TRIAL** .......... 18

**VI. ATTORNEYS' FEES** .......... 18

**VII. ABANDONMENT OF ISSUES** .......... 18


# TABLE OF AUTHORITIES

**Cases**


*AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979) .......... 9

*Arcona, Inc. v. Farmacy Beauty, LLC*, 976 F.3d 1074 (9th Cir. 2020) .......... 9

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 950 F.3d 860 (Fed. Cir. 2020) .......... 14

*Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036 (9th Cir. 1999) .......... 9

*Eat Right Foods Ltd. v. Whole Foods Market, Inc.*, 880 F.3d 1109 (9th Cir. 2018) .......... 14

*Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008) (en banc) .......... 10

*Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312 (Fed. Cir. 2015) .......... 10

*Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011)....................11
*Gorham Co. v. White*, 81 U.S. (14 Wall.) 511 (1871)....................10
*Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93 (2016)....................13
*Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998 (9th Cir. 2004)....................14
*Internet Specialties W., Inc. v. Milon-DiGiorgio Enters., Inc.*, 559 F.3d 985 (9th Cir. 2009)......14
*Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829 (9th Cir. 2002)....................14
*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014)....................13
*Range of Motion Prods., LLC v. Armaid Co. Inc.*, 166 F.4th 981 (Fed. Cir. 2026)....................18
*S. Pac. Co. v. Darnell-Taenzer Lumber Co.*, 245 U.S. 531 (1918)....................14
*Top Brand LLC v. Cozy Comfort Co. LLC*, 143 F.4th 1349 (Fed. Cir. 2025)....................11
*Y.Y.G.M. SA v. Redbubble, Inc.*, 75 F.4th 995 (9th Cir. 2023)....................18

**Statutes**

15 U.S.C. § 1111....................8
15 U.S.C. § 1114....................8
15 U.S.C. § 1116(d)(1)(B)....................9
15 U.S.C. § 1117(a)....................5
15 U.S.C. § 1117(b)....................9
15 U.S.C. § 1117(c)....................9
15 U.S.C. § 1117(c)(2)....................13
15 U.S.C. § 1125(a)....................8
15 U.S.C. § 1127....................9
35 U.S.C. § 271(a)....................10
35 U.S.C. § 271(b)....................11
35 U.S.C. § 271(c)....................11
35 U.S.C. § 285....................5
35 U.S.C. § 287(a)....................13
35 U.S.C. § 289....................11

## Rules

Fed. R. Civ. P. 26(a)(1) ........ 12
Fed. R. Civ. P. 26(a)(2) ........ 8
Fed. R. Civ. P. 26(a)(2)(C) ........ 16
Fed. R. Civ. P. 37(c)(1) ........ 16
Fed. R. Civ. P. 54(d)(1) ........ 5
Fed. R. Evid. 401 ........ 16
Fed. R. Evid. 403 ........ 16
Fed. R. Evid. 602 ........ 16
Fed. R. Evid. 701 ........ 16
Fed. R. Evid. 702 ........ 16
Fed. R. Evid. 901 ........ 16
Fed. R. Evid. 901(a) ........ 16

## Other Authorities

Ninth Circuit Manual of Model Civil Jury Instructions, Instr. 15.6 (rev. Sept. 2025) ........ 9
Ninth Circuit Manual of Model Civil Jury Instructions, Instr. 15.18 (rev. Sept. 2025) ........ 9
Ninth Circuit Manual of Model Civil Jury Instructions, Instr. 15.30 (rev. Nov. 2024) ........ 9

## I. INTRODUCTION

This Lanham Act and design patent action arises from a single transaction allegedly occurring at Defendant's Los Angeles retail location on June 6, 2022, in which an investigator for Plaintiff GS Holistic, LLC ("GS Holistic") purported to purchase four waterpipes bearing the Stündenglass trademarks and embodying U.S. Design Patent Nos. D943,817 and D970,804. Defendant Michel Affi d/b/a ABC Wholesale Imports ("Mr. Affi") denies all material allegations and seeks judgment in his favor, taxable costs under Fed. R. Civ. P. 54(d)(1), reasonable attorneys' fees under 15 U.S.C. § 1117(a) and 35 U.S.C. § 285, and any other relief that this Court deems appropriate.

## II. CONTENTIONS OF FACT

This action arises from a single transaction allegedly occurring on June 6, 2022, in which an investigator for Plaintiff, David Perry, is alleged to have purchased four waterpipes (the "Subject Units") at ABC Wholesale Imports' Los Angeles location for $150 each. Plaintiff has produced one photograph dated June 6, 2022, depicting an individual writing what Plaintiff identifies as the transaction receipt. Plaintiff has produced no photograph, video, or recording depicting the Subject Units inside Defendant's store, in Defendant's possession, or being transferred to Plaintiff's investigator. The exchange of money for goods was not contemporaneously photographed or recorded, and no body-camera or audio recording exists. The handwritten item description on the receipt produced by Plaintiff is not legibly written and does not unambiguously identify the goods sold as the Subject Units. Plaintiff investigator David Perry's worksheet's "Name of item purchased" field records only color and brand (PINK 2X BLACK GREEN STÜNDENGLASS), without identifying the item type or otherwise tying the entry to the Subject Units described in the Complaint. No bank, credit-card, or point-of-sale payment record has been produced. No chain-of-custody intake form was prepared at the point of sale. No serial numbers, UPC codes, QR codes, or other unique product identifiers were recorded; Plaintiff's investigation worksheet form does not include a field for any such product identifier, and its fields for date of visit and time of arrival, file number, evidence bag number, owner's name, and additional comments are each left blank. The documentary record of the alleged transaction consists of the investigation worksheet, the single

receipt-writing photograph, Plaintiff's photograph of the purported receipt itself, and a hand-annotated business card.

The Subject Units never left the alleged purchase site in the investigator's possession. Plaintiff's verified discovery responses describe the shipment arrangement as follows: at Defendant's purported request, Plaintiff's investigators Mr. Perry and Mr. Malamut opened a new FedEx account for the sole purpose of providing the account number to Defendant in this case, and provided that number to Defendant for shipping costs/billing. Plaintiff represents that Defendant thereafter independently prepared the shipping label, entered all sender and recipient information, and tendered the package. Plaintiff acknowledges that it has no knowledge of the platform used to generate the label, the meter number associated with any label, or the physical location at which the package was purportedly tendered. Plaintiff has produced no tendered FedEx or shipping cost/bill, transit record, delivery confirmation, or custody log accounting for the units' location, custody, or handling between June 6, 2022, and June 15, 2022, and tracking and acceptance-scan records for the shipment are no longer available due to FedEx's data-retention policies. The FedEx shipping label that Plaintiff has produced, Tracking No. 2740 0697 7160, does not identify ABC Wholesale Imports as the shipper. The label reflects a shipment with both the ship-from and ship-to addresses listed as 130 NW 20th St, Unit 40, Boca Raton, FL 33431, c/o "ABC Wholesale, Double Puff Smoke Shop LLC," with third-party billing, and a delivery designation requiring pickup at a FedEx Freight terminal in West Palm Beach, Florida. At no point in the documentary record produced by Plaintiff is any Subject Unit depicted, identified, or otherwise evidenced to have been in Defendant's possession, custody, or control.

From the time Plaintiff's investigator allegedly took receipt of the Subject Units on June 15, 2022, to present, Plaintiff has not maintained any formal chain-of-custody log, intake form, or transfer record for any Subject Unit, and identifies only "evidence seals" affixed to the units themselves and the continuous custody of its investigator, Mr. Malamut, as its chain-of-custody substantiation.

On July 1, 2023, thirteen months after the alleged transaction, Mr. Affi sold ABC Wholesale Imports to Bassam Mansour. The sale is documented by a contemporaneous Bill of Sale executed

by both parties. From July 1, 2023, forward, Mr. Affi has had no ownership of, operational role at, or other involvement with ABC Wholesale Imports. Mr. Mansour has been the sole operator since that date.

Plaintiff filed the original Complaint on July 25, 2024, more than two years after the alleged transaction and after FedEx tracking and acceptance-scan records for the shipment had become unavailable. The operative Amended Complaint was filed on March 20, 2025. Plaintiff's verified discovery responses represent that the Subject Units have been kept in a storage facility associated with Plaintiff's counsel in Deerfield Beach, Florida since June 15, 2022, and that on July 15, 2024 — over a year after Mr. Affi divested — Plaintiff's investigator transported one Subject Unit from that storage facility to Plaintiff's counsel's law firm in Florida, where additional photographs were taken in connection with Plaintiff's design-patent claims.

Plaintiff has not made any expert disclosure under Fed. R. Civ. P. 26(a)(2). Plaintiff's verified discovery responses identify its investigators, David Perry and Bryan Malamut, as the sole personnel who assessed the alleged counterfeit nature of the Subject Units. Plaintiff has not commissioned independent laboratory testing or a consumer-confusion survey. Plaintiff has not produced any evidence that the Stündenglass-branded products bore the statutory marking notice required by 15 U.S.C. § 1111 or 35 U.S.C. § 287 during the relevant period, nor any evidence of actual notice to Mr. Affi prior to suit.

## III. L.R. 16-4.1 Claims and Defenses

### A. Summary statement of the claims Plaintiff has pleaded and plans to pursue.

**Claim 1:** Federal Trademark Counterfeiting and Infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

**Claim 2:** Federal False Designation of Origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**Claim 3:** Direct and Contributory Infringement of U.S. Design Patent Nos. D943,817 and D970,804 under 35 U.S.C. § 271.

### B. Elements required to establish Plaintiff's claims.

**Elements Required to Establish Plaintiff's Claim for Federal Trademark Counterfeiting and Infringement (15 U.S.C. § 1114):**

1. The asserted designation is a valid, protectable trademark (UNDISPUTED as to federal registration of Reg. Nos. 6,633,884, 6,174,292, and 6,174,291);

2. Plaintiff owns the asserted mark;

3. Defendant used the accused designation, or a mark similar to Plaintiff's mark, in interstate commerce; and

4. Defendant's use was without Plaintiff's consent and in a manner likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods.

To establish counterfeiting under 15 U.S.C. §§ 1116(d)(1)(B) and 1117(b)–(c), and to trigger the enhanced statutory damages Plaintiff has elected under § 1117(c), Plaintiff must additionally prove:

5. Defendant used a counterfeit mark, a spurious mark identical with, or substantially indistinguishable from, Plaintiff's registered mark, in connection with the goods or services for which Plaintiff's mark is registered.

The likelihood-of-confusion element under § 1114 is evaluated under the *Sleekcraft* factors set forth in Claim 2 below. The same likelihood-of-confusion standard applies under § 1114 and § 1125(a).

**Authority:** 15 U.S.C. §§ 1114(1)(a), 1116(d)(1)(B), 1117(b)–(c), 1127; Ninth Circuit Manual of Model Civil Jury Instructions, Instr. 15.6 & 15.18 (rev. Sept. 2025), 15.30 (rev. Nov. 2024); *Arcona, Inc. v. Farmacy Beauty, LLC*, 976 F.3d 1074 (9th Cir. 2020); *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036 (9th Cir. 1999).

**Elements Required to Establish Plaintiff's Claim for Federal False Designation of Origin (15 U.S.C. § 1125(a)):**

1. The asserted designation is a valid, protectable mark (UNDISPUTED as to federal registration of Reg. Nos. 6,633,884, 6,174,292, and 6,174,291);

2. Plaintiff owns the asserted mark;

3. Defendant used the accused designation in interstate commerce; and

4. Defendant's use was without Plaintiff's consent and in a manner likely to cause confusion among ordinary consumers as to source, sponsorship, affiliation, or approval.

The likelihood-of-confusion element is evaluated under the eight non-exhaustive factors set forth in *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir. 1979): (i) strength of the mark; (ii) proximity of the goods; (iii) similarity of the marks; (iv) evidence of actual confusion; (v) marketing channels used; (vi) type of goods and degree of purchaser care; (vii) Defendant's intent in selecting the mark; and (viii) likelihood of expansion of the product lines. The *Sleekcraft* factors are evaluative criteria, not independent elements, and no single factor is dispositive.

**Authority:** 15 U.S.C. § 1125(a)(1)(A); Ninth Circuit Manual of Model Civil Jury Instructions, Instr. 15.6 cmt. & 15.18 (rev. Sept. 2025); *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979); *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036 (9th Cir. 1999).

**Elements Required to Establish Plaintiff's Claim for Direct and Contributory Infringement of U.S. Design Patent Nos. D943,817 and D970,804 (35 U.S.C. § 271):**

The Ninth Circuit has formally withdrawn its model patent jury instructions. Federal Circuit substantive law controls the elements of design patent infringement. The controlling test derives from *Gorham Co. v. White*, 81 U.S. (14 Wall.) 511 (1871), and *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008) (en banc).

Direct infringement under 35 U.S.C. § 271(a). To prevail on its claim for direct design patent infringement, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1. Plaintiff owns a valid design patent (UNDISPUTED as to issuance of U.S. Design Patent Nos. D943,817 and D970,804);

2. Defendant, without authority, made, used, offered for sale, sold, or imported within the United States the patented design, or a colorable imitation thereof, during the term of the patent; and

3. Applying the ordinary-observer test, an ordinary observer, giving such attention as a purchaser usually gives, viewing the accused design and the patented design in light of the prior art, would be deceived into believing the accused design is the same as the patented design.

The ordinary-observer test is the sole test for design patent infringement. *Egyptian Goddess*, 543 F.3d at 678. The comparison is of the overall designs, viewed in the context of the prior art. *Id.* at 676. Where a design contains both functional and ornamental features, the patentee must show that the perceived similarity is based on the ornamental features. *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1336 (Fed. Cir. 2015). Prosecution-history disclaimers narrow the scope of the claimed design, and disclaimed features must be discounted in the infringement analysis. *Top Brand LLC v. Cozy Comfort Co. LLC*, 143 F.4th 1349, 1357–1359 (Fed. Cir. 2025). The patentee bears the ultimate burden of proof.

Contributory infringement under 35 U.S.C. § 271(c). To prevail on its claim for contributory design patent infringement, Plaintiff must additionally prove each of the following elements by a preponderance of the evidence:

4. A third party committed an act of direct infringement of the asserted design patents;

5. Defendant sold, offered to sell, or imported into the United States a component constituting a material part of the invention;

6. Defendant knew the component was especially made or adapted for use in an infringement of the asserted patents; and

7. The component is not a staple article suitable for substantial noninfringing use.

To the extent Plaintiff asserts induced infringement under § 271(b), Plaintiff must additionally prove Defendant's knowledge of the asserted patents and specific intent to induce the third party's infringing conduct. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011).

**Authority:** 35 U.S.C. §§ 271(a), (b), (c), 289; *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008) (en banc); *Gorham Co. v. White*, 81 U.S. (14 Wall.) 511 (1871); *Ethicon*

*Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312 (Fed. Cir. 2015); *Top Brand LLC v. Cozy Comfort Co. LLC*, 143 F.4th 1349 (Fed. Cir. 2025); *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011).

**C. A brief description of the key evidence in opposition to each of the claims.**

The same core evidence supports Defendant's opposition to all three claims. To avoid duplication, common evidence is listed once below, with claim-specific items identified separately.

***Common evidence (all claims):***

a. Bill of Sale for Business Assets between Michel Affi and Bassam Mansour dated July 1, 2023, and Attachment 1 (Schedule of Transferred Property);

b. Testimony of Defendant Michel Affi regarding the period of his ownership of ABC Wholesale Imports and the absence of retained business records following the July 1, 2023 sale;

c. Testimony of Bassam Mansour regarding his ownership and operation of ABC Wholesale Imports from July 1, 2023 forward;

d. Plaintiff's Amended Rule 26(a)(1) Disclosures dated July 16, 2025;

e. Plaintiff's verified discovery responses;

f. Physical Subject Units SU-1 through SU-4;

g. Original shipping packaging, outer carton(s), and FedEx shipping label bearing tracking number 2740 0697 7160;

h. Plaintiff-produced Investigation Worksheet dated June 6, 2022, handwritten receipt/invoice, business card, and investigation photographs.

*Federal Trademark Counterfeiting and Infringement (15 U.S.C. § 1114):*

i. Plaintiff's authentic exemplars for ordinary-observer comparison with the Subject Units.

*Federal False Designation of Origin (15 U.S.C. § 1125(a)):*

i. Plaintiff's authentic exemplars;

j. Plaintiff's Product Instruction Manual and Product Catalog.

*Direct and Contributory Design Patent Infringement (35 U.S.C. § 271):*

i. Plaintiff's authentic exemplars and other gravity-infuser water-pipe products generally available in commerce;

j. U.S. Design Patent Nos. D943,817 and D970,804 and the prosecution histories thereof.

**D. Summary statement of the affirmative defenses Defendant has pleaded and plans to pursue.**

**Third Affirmative Defense (Innocent / Non-Willful Conduct):** Any infringement was innocent and not willful within the meaning of 15 U.S.C. § 1117(c)(2) and 35 U.S.C. § 285.

**Fifth Affirmative Defense (Failure to Mark, Trademark):** Plaintiff is barred from recovering profits or damages under 15 U.S.C. § 1111 for failure to provide statutory notice.

**Sixth Affirmative Defense (Failure to Mark, Patent):** Plaintiff is barred from recovering pre-suit damages for design patent infringement under 35 U.S.C. § 287(a).

**Seventh Affirmative Defense (Laches):** Plaintiff's claims and the relief sought are barred or limited by laches.

**Ninth Affirmative Defense (Failure to Mitigate):** Plaintiff failed to mitigate its damages.

**E. The elements required to establish Defendant's affirmative defenses.**

**Elements Required to Establish Defendant's Third Affirmative Defense (Innocent Infringer / Lack of Willfulness):**

1. Defendant did not have actual knowledge of Plaintiff's federal trademark registrations or asserted design patents prior to the alleged infringing conduct;

2. Defendant did not deliberately copy Plaintiff's marks or designs; and

3. Defendant did not act in reckless disregard of, or with willful blindness to, Plaintiff's intellectual property rights.

**Authority:** 15 U.S.C. § 1117(b)–(c); 35 U.S.C. § 285; *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93 (2016); *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014).

**Elements Required to Establish Defendant's Fifth Affirmative Defense (Statutory Limitation on Recovery, 15 U.S.C. § 1111):**

1. The goods at issue did not bear the federal-registration symbol "®" or the equivalent statutory notice prescribed by 15 U.S.C. § 1111; and

2. Plaintiff did not give Defendant actual notice of the asserted federal trademark registrations prior to the alleged infringing conduct.

**Authority:** 15 U.S.C. § 1111.

**Elements Required to Establish Defendant's Sixth Affirmative Defense (Failure to Mark, 35 U.S.C. § 287(a)):**

1. Plaintiff or its licensees made, offered for sale, or sold within the United States, or imported into the United States, articles embodying U.S. Design Patent Nos. D943,817 and D970,804;

2. Such articles were not marked in accordance with 35 U.S.C. § 287(a); and

3. Plaintiff did not provide Defendant with actual notice of the asserted patents prior to filing of this action.

**Authority:** 35 U.S.C. § 287(a); *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 950 F.3d 860 (Fed. Cir. 2020).

**Elements Required to Establish Defendant's Seventh Affirmative Defense (Laches, Lanham Act Claims):**

1. Plaintiff knew or, in the exercise of reasonable diligence, should have known of the alleged infringement;

2. Plaintiff unreasonably delayed in commencing this action; and

3. Defendant has been materially prejudiced by Plaintiff's delay.

**Authority:** *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829 (9th Cir. 2002); *Eat Right Foods Ltd. v. Whole Foods Market, Inc.*, 880 F.3d 1109 (9th Cir. 2018); *Internet Specialties W., Inc. v. Milon-DiGiorgio Enters., Inc.*, 559 F.3d 985 (9th Cir. 2009).

**Elements Required to Establish Defendant's Ninth Affirmative Defense (Failure to Mitigate Damages):**

1. Plaintiff knew or should have known of the alleged infringement;

2. Plaintiff failed to take reasonable steps to limit its claimed damages; and

3. Plaintiff's failure caused or contributed to the damages claimed.

**Authority:** *S. Pac. Co. v. Darnell-Taenzer Lumber Co.*, 245 U.S. 531 (1918); *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998 (9th Cir. 2004).

**F. Key evidence in support of Defendant's affirmative defenses.**

The same core evidence supports several of Defendant's defenses. To avoid duplication, common evidence is listed once below, with defense-specific items identified separately.

***Common evidence (all defenses):***

a. Plaintiff's Amended Rule 26(a)(1) Disclosures;

b. Plaintiff's verified discovery responses; and

c. Testimony of Defendant Michel Affi regarding the absence of pre-suit communication, cease-and-desist letter, or other notice from Plaintiff prior to the filing of this action.

*Fifth Affirmative Defense (Statutory Limitation on Recovery — 15 U.S.C. § 1111) and Sixth Affirmative Defense (Failure to Mark — 35 U.S.C. § 287(a)):*

d. Physical Subject Units SU-1 through SU-4 and associated product packaging, inserts, manuals, and labels;

e. Plaintiff's authentic exemplars;

f. Plaintiff's Product Instruction Manual and Product Catalog; and

g. U.S. Design Patent Nos. D943,817 and D970,804 (Sixth Defense only).

*Seventh Affirmative Defense (Laches — Lanham Act Claims):*

h. Bill of Sale for Business Assets dated July 1, 2023, and Attachment 1 (Schedule of Transferred Property);

i. Plaintiff-produced Investigation Worksheet, handwritten receipt/invoice, business card, and investigation photographs dated June 6, 2022; and

j. Testimony of Bassam Mansour regarding his ownership of ABC Wholesale Imports from July 1, 2023 forward and the absence of business records relating to the alleged June 6, 2022 transaction following the sale.

*Ninth Affirmative Defense (Failure to Mitigate Damages):*

k. Plaintiff-produced Investigation Worksheet, handwritten receipt/invoice, business card, and investigation photographs dated June 6, 2022; and

l. Bill of Sale for Business Assets dated July 1, 2023.

**G. Similar statements for all third parties.**

Not applicable.

**H. Identification of any anticipated evidentiary issues, together with Defendant's position on those issues.**

***Trademark Registration No. 7,028,399.*** The operative First Amended Complaint pleads infringement of three trademarks only: U.S. Trademark Registration Nos. 6,633,884; 6,174,292; and 6,174,291. Registration No. 7,028,399 is not pleaded. Defendant will object to admission of any exhibit, testimony, or argument concerning Registration No. 7,028,399 as outside the scope of the operative pleading and under FRE 401 and 403.

***Plaintiff's "International Recognition" and "Consumer Sophistication" exhibits.*** These exhibits address *Sleekcraft* factors (mark strength and purchaser sophistication) ordinarily requiring expert testimony or specialized foundation. Plaintiff has confirmed it has made no expert disclosure under FRCP 26(a)(2) and does not intend to call any expert at trial. Defendant will object on grounds of foundation under FRE 901 and 602, improper lay opinion under FRE 701 and 702, and failure to disclose under FRCP 26(a)(2)(C) and 37(c)(1).

***Plaintiff's identification of two store investigation reports.*** The operative First Amended Complaint pleads a single alleged transaction on June 6, 2022, at the ABC Wholesale Imports facility. No second-store transaction or location is pleaded. Defendant will object to admission of any second-store investigation evidence as outside the scope of the operative pleading and under FRE 401 and 403.

***Investigator testimony purporting to identify Subject Units as counterfeit.*** Plaintiff has confirmed it has made no expert disclosure under FRCP 26(a)(2). Plaintiff's verified Response to Interrogatory No. 8 describes a specialized counterfeit-identification methodology that is the proper subject of expert opinion testimony under FRE 702. Defendant will object to any testimony from David Perry purporting to identify the Subject Units as counterfeit on the basis of that methodology

as improper lay opinion under FRE 701 and 702, as undisclosed expert testimony under FRCP 26(a)(2)(C) and 37(c)(1), and for lack of personal knowledge under FRE 602.

***Authentication and chain of custody of the Subject Units and related materials.*** The proponent bears the burden of authentication under FRE 901(a). Defendant will object to admission of the Subject Units, and to any testimony purporting to authenticate them as the items allegedly purchased on June 6, 2022, on grounds of inadequate authentication under FRE 901, absence of a documented chain of custody, and prejudice substantially outweighing probative value under FRE 403.

***Authentication of the FedEx shipping label and related shipping materials.*** Authentication of these materials must establish a connection to the alleged June 6, 2022, transaction at ABC Wholesale Imports in California. Defendant will object to admission of these materials, and to any testimony purporting to authenticate them as connected to the alleged transaction, on grounds of inadequate authentication under FRE 901 and prejudice substantially outweighing probative value under FRE 403.

**I. Identification of any issues of law germane to the case, together with Defendant's position on those issues.**

***Inapplicability of 35 U.S.C. § 271(c) to complete-article design patent products.*** Plaintiff has pleaded contributory design patent infringement under 35 U.S.C. § 271(c). The statutory predicate is the sale of a "component" of a patented invention, not the sale of the patented invention itself. *See* 35 U.S.C. § 271(c). Plaintiff alleges that Defendant offered for sale and sold complete gravity-infuser water pipes — the entire articles claimed by the asserted design patents — not components of a multi-component invention. Defendant's position is that Plaintiff's contributory infringement theory under § 271(c) does not fit the alleged facts because the accused articles are not "components" within the meaning of the statute.

***Prosecution-history disclaimer in design patent infringement analysis.*** The Federal Circuit has held that prosecution-history disclaimer applies to design patents, and that disclaimed features must be discounted in the ordinary-observer comparison. *Top Brand LLC v. Cozy Comfort Co. LLC*, 143 F.4th 1349, 1357, 1359 (Fed. Cir. 2025). Defendant's position is that the ordinary-observer

comparison must take into account any disclaimers made during prosecution of U.S. Design Patent Nos. D943,817 and D970,804, and the jury should be instructed accordingly.

***Functional-versus-ornamental separation in design patent infringement analysis.*** Where a design patent contains both functional and ornamental features, the patentee must show that the perceived similarity is based on the ornamental features. *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1336 (Fed. Cir. 2015). Conceptual-level similarity is not sufficient to establish infringement. *Range of Motion Prods., LLC v. Armaid Co. Inc.*, 166 F.4th 981, 991–92 (Fed. Cir. 2026). The asserted patents claim ornamental designs for gravity-infuser water pipes, articles that contain substantial functional features. Defendant's position is that the jury must be instructed to factor out the functional aspects of the asserted designs and to consider only ornamental features in the ordinary-observer comparison.

***Preclusion of prejudgment interest under 15 U.S.C. § 1117(b) following election of statutory damages under § 1117(c).*** A prevailing party who elects statutory damages under 15 U.S.C. § 1117(c) cannot also receive prejudgment interest under § 1117(b). *Y.Y.G.M. SA v. Redbubble, Inc.*, 75 F.4th 995, 1007–1009 (9th Cir. 2023). Defendant's position is that, in the event Plaintiff prevails and elects statutory damages under § 1117(c), Plaintiff is precluded as a matter of law from also recovering prejudgment interest under § 1117(b).

## IV. BIFURCATION OF ISSUES

Defendant does not request bifurcation of any issues.

## V. JURY TRIAL

The issues herein are triable to a jury as a matter of right. The parties made a timely demand for trial by jury.

## VI. ATTORNEYS' FEES

The Lanham Act authorizes the Court to award reasonable attorneys' fees to the prevailing party in exceptional cases. 15 U.S.C. § 1117(a). The patent statute likewise authorizes the Court to award reasonable attorneys' fees to the prevailing party in exceptional cases. 35 U.S.C. § 285.

//

//

## VII. ABANDONMENT OF ISSUES

Defendant has abandoned the following affirmative defenses: First, Second, Fourth, Eighth, Tenth, Eleventh, and Twelfth.

Respectfully submitted,

DATED: May 5, 2026

**MGM L.C.**

By: *David Fernandez*
David Fernandez, Esq.
Attorney for Defendant
MICHEL AFFI, d/b/a ABC WHOLESALE IMPORTS

**MGM L.C.**
David Fernandez (SBN: 353907)
*df@mgm.law*
324 S. Beverly Dr. #137
Beverly Hills, CA 90212
Phone: (424) 281-0320
E-mail: service@mgm.law

Attorney for Defendant, MICHEL AFFI, d/b/a ABC WHOLESALE IMPORTS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GS HOLISTIC, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MICHEL AFFI, d/b/a ABC WHOLESALE IMPORTS,<br><br>Defendant. | Case No.: 2:24-cv-06310-DSF-SK<br><br>**DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>[Honorable Dale S. Fischer<br>Magistrate Judge Steve Kim]<br><br>**Final Pretrial Conference:**<br>Date: May 18, 2026<br>Time: 3:00 p.m.<br>**Trial:**<br>Date: June 23, 2026<br>Time: 8:30 a.m.<br>Place: Courtroom 7D |

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Michel Affi d/b/a ABC Wholesale Imports, certifies that this brief contains 4,011 words, which complies with the word limit of L.R. 11-6.1.

Respectfully submitted,

DATED: May 5, 2026

**MGM L.C.**

By: *David Fernandez*
David Fernandez, Esq.
Attorney for Defendant
MICHEL AFFI, d/b/a ABC WHOLESALE IMPORTS