**MGM L.C.**
David Fernandez (SBN: 353907)
*df@mgm.law*
324 S. Beverly Dr. #137
Beverly Hills, CA 90212
Phone: (424) 281-0320
E-mail: service@mgm.law

Attorney for Defendant, MICHEL AFFI, d/b/a ABC WHOLESALE IMPORTS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GS HOLISTIC, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MICHEL AFFI, d/b/a ABC WHOLESALE IMPORTS,<br><br>Defendant. | Case No.: 2:24-cv-06310-DSF-SK<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CONTINUANCE**<br><br>[Honorable Dale S. Fischer<br>Magistrate Judge Steve Kim]<br><br>**<u>Final Pretrial Conference:</u>**<br>Date: May 18, 2026<br>Time: 3:00 p.m.<br>**<u>Trial:</u>**<br>Date: June 23, 2026<br>Time: 8:30 a.m.<br>Place: Courtroom 7D |

Defendant, MICHEL AFFI d/b/a ABC Wholesale Imports, hereby opposes Plaintiff's Motion for Continuance (ECF 38).

## I. INTRODUCTION

Plaintiff's motion violates this Court's Standing Order (ECF 10) ¶ 8, which governs all continuance requests. It rests on the unavailability of *pro hac vice* counsel admitted on May 5, 2026, the same day this motion was filed, without addressing why Plaintiff's counsel of record, who has represented in writing that he is "here as local counsel," cannot appear. And it premises good cause on a sworn representation that a "transition in lead counsel responsibilities" "recently occurred,"

when the record shows the transition began no later than February 20, 2026. The motion should be denied.

## II. RELEVANT FACTS

This case has been on the trial calendar since June 26, 2025. (ECF 28.) Tomas Leon has been Plaintiff's counsel of record from filing forward. No motion to withdraw, motion for substitution, or notice of change of counsel has been filed.

On February 20, 2026, Mr. Leon emailed defense counsel announcing his intent to withdraw and copied Mr. Leal at el@leallegal.com. (Fernandez Decl. ¶ 3, Ex. A.) The withdrawal motion was never filed. On April 6, 2026, Mr. Leon emailed defense counsel reversing his withdrawal and stating that Mr. Leal "is the person who is leading any discussion regarding the case from now on," while Mr. Leon would remain "here as local counsel." (Fernandez Decl. ¶ 4, Ex. B.) Mr. Leal's *pro hac vice* application was filed on May 1, 2026, and granted on May 5, 2026, the same day Plaintiff filed this motion. (ECF 30; ECF 31.) The application designates Mr. Leon as local counsel.

## III. ARGUMENT

### A. The motion fails Standing Order ¶ 8.

Standing Order ¶ 8 requires that any application to continue a hearing date set forth: (1) all existing relevant dates, including the trial date; (2) specific reasons supporting good cause in a detailed declaration; (3) prior extension requests and how the Court ruled; and (4) a description of diligence and the prejudice from denial. "Failure to comply with the Local Rules and this Order will result in rejection of the request without further notice to the parties." Standing Order ¶ 8.

Plaintiff fails each element.

#### 1. Dates.

Plaintiff's motion identifies only the May 18 conference date. It does not address the June 23, 2026, trial date or the schedule's other cut-offs. (ECF 28.) The Court has no basis on this record to evaluate whether continuing the conference triggers a cascade.

#### 2. Prior requests.

Plaintiff's certification is artfully limited: "No prior continuances have been requested *by me* in connection with *this hearing*." (Leal Decl. ¶ 12.) Standing Order ¶ 8(3) asks whether there have been prior requests. It does not ask whether the requesting attorney has personally made them.

**3. Prejudice.**

Plaintiff's prejudice analysis is one sentence: "a short continuance will not materially affect other deadlines in this matter." (Leal Decl. ¶ 12.) Trial is seven weeks away.

**4. Diligence.**

Plaintiff's diligence showing is a recitation of competing demands: "a significant caseload across multiple jurisdictions," a Colorado trial, multiple hearings, and international travel. (Leal Decl. ¶¶ 3–7.) Counsel undertook these obligations knowing the May 18 hearing date had been set since June 2025. Self-imposed scheduling conflicts are not good cause.

Plaintiff's counsel further cites his pretrial filings as evidence of diligence. (Leal Decl. ¶ 8.) Those filings include jury instructions that refer to defendant as "Ms. Abdulnour" rather than Mr. Affi (ECF 34 at 2, 3, 4) and describe defendant as "representing herself in this trial" (ECF 34 at 19), though defendant is represented by counsel. Plaintiff's witness list confusingly introduces Plaintiff's investigator/witness, David Perry, with the sentence: "Asheley Colon is a Private Investigator." (ECF 37 at 2.) The verdict form addresses one of Plaintiff's three pleaded claims and omits the § 1125(a) and design patent claims entirely. (ECF 35.)

**B. Counsel of record is available.**

"Each party appearing in this action must be represented at the pretrial conference by the attorney who is to have charge of the conduct of the trial on behalf of such party, unless excused for good cause." (ECF 28, § I.D.1.) No showing of good cause for Mr. Leon's absence has been made. Mr. Leon has been Plaintiff's counsel of record from filing forward, is admitted to this Court, and represented in writing on April 6, 2026, that "I am here as local counsel." (Fernandez Decl. Ex. B.) Mr. Leal's *pro hac vice* application designates Mr. Leon as local counsel. (ECF 30; ECF 31.)

The motion does not assert that Mr. Leon is unavailable on May 18. Mr. Leon has not represented to defense counsel that he is unavailable. (Fernandez Decl. ¶ 5.) Further, Mr. Leal's late

notice of unavailability is not good cause where counsel had ample notice of this upcoming pretrial date, as well as his planned vacation.

**C. The "recently occurred" transition is contradicted by the record.**

Mr. Leal swears that "[a] transition in lead counsel responsibilities for this matter recently occurred." (Leal Decl. ¶ 3.) The record shows otherwise:

**February 20, 2026.** Mr. Leal copied on Mr. Leon's withdrawal email. (Ex. A.)

**April 6, 2026.** Mr. Leon formally designates Mr. Leal as "the person who is leading any discussion regarding the case from now on." (Ex. B.)

**April 29, 2026.** Mr. Leal untimely conducts Plaintiff's side of the Local Rule 7-3 conference. (Fernandez Decl. ¶ 6.)

**May 1, 2026.** Mr. Leal files *pro hac vice* application. (ECF 30.)

**May 5, 2026.** PHV granted. Plaintiff files this motion.

From Mr. Leal's first documented involvement to this filing: 74 days. From that involvement to the May 18 conference: 87 days. The hearing date has been fixed for eleven months. A "previously planned and scheduled trip" with no specified dates (Leal Decl. ¶ 9) should not displace a conference set by this Court since June 2025.

**IV. <u>CONCLUSION</u>**

The motion should be denied.

Respectfully submitted,

DATED: May 7, 2026

**MGM L.C.**

By: *David Fernandez*
David Fernandez, Esq.
Attorney for Defendant
MICHEL AFFI, d/b/a ABC WHOLESALE IMPORTS