**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

GS HOLISTIC, LLC,
Plaintiff,

v.

MICHEL AFFI d/b/a ABC WHOLESALE IMPORTS,
Defendant.

2:24-CV-06310-DSF-SK

ORDER RE MOTION TO CONTINUE FINAL PRETRIAL CONFERENCE [1]

Eddy Leal, who first appeared in this case on May 5, 2026 seeking to represent Plaintiff, asks the Court to continue the pretrial conference scheduled for May 18 because he "has a preplanned and longstanding trip scheduled, which directly conflicts with the current conference date." Dkt. 38.[2] He claims

[1] The motion does not specify a hearing date, nor does the title indicate any urgency. That alone would be grounds to strike the motion. Counsel are reminded to comply with both the Court's rules and orders, and the Local Rules of the Central District. Further failures to comply will result in sanctions.

[2] Leal says he is "lead counsel," but Tomas Carlos Leon has been listed as lead counsel on the docket since the case was filed. And, in the Joint Rule 26(f) Report, Leon stated: "Lead trial counsel for the Plaintiff will be attorney Peter Ticktin, who will be applying pro hac vice, and Attorney Tomas Leon

that he "has acted diligently in bringing this conflict to the Court's attention promptly upon learning of the scheduling conflict." Id. But that does not appear to be accurate, as the case management dates were set on June 26, 2025, dkt. 27, and counsel seeking to handle a trial as lead counsel surely would review the docket to verify that he could properly handle the new matter before accepting it. Leal also was copied on a February 20 email from Leon to defense counsel indicating Leon intended to withdraw from the case. Dkt. 40-2. It is also apparent that Leal was aware of the pretrial conference date well before he submitted his application to proceed pro hac vice on May 1, because he signed several pretrial documents filed on May 5, the same day the application was granted. Leal gave no indication when seeking pro hac vice status that he planned to request a continuance of the pretrial conference.

Leal also cites "a significant caseload across multiple jurisdictions," a Colorado trial, multiple hearings, and international travel." Dkt. 38-2.[3] These are reasons why Leal should not have accepted this case, not grounds for continuance.

In addition, Leal has represented Plaintiff in at least four other matters in this district. See Dkt. 30.[4] Leal's participation in GS HOLISTIC, LLC v. ABOUDEL SADDI, etc., et al, 2:23-cv-05713-MWC-E, was similarly problematic. There, in July 2023, GS Holistic's complaint was also filed by Los Angeles counsel Tomas Leon. But in April 2026 – after the pretrial conference –

---

will be participating in trial." Dkt. 26. This too does not comply with the Court's requirements.

[3] It is not clear why Leal touted his six-figure verdict in Colorado. The size of the verdict he achieved doesn't make his motion any more or less valid.

[4] Docket 30 lists the Titles of Action for all four cases as having GS Holistic as a defendant. In two of those cases, GS Holistic is the plaintiff.

Leal applied for pro hac vice status. Within two days of being approved, Leal filed a number of pretrial documents. District Judge Court dismissed that case for failure to prosecute "[i]n consideration of [a series of factors described in the order] and other argument presented at the hearing without evidentiary support (some of which was internally inconsistent and contradictory)." Id. at Dkt. 67. It appears neither counsel for GS Holistic feels obligated to follow the rules of this district or the orders of its judges.

The Court finds Leal has not presented good cause to continue the pretrial conference and did not provide the Court with all relevant facts. The Court will consider at a later date whether to award to the defense the attorney fees incurred for opposing the motion.

That said, it appears the parties have not participated in any form of required alternative dispute resolution – and have not notified the Court of their failure to comply with the Court's order that they do so no later than March 31, 2026, the date chosen by Plaintiff. It is obviously the obligation of both parties to comply with that order. Because the parties have failed to comply with that order, the Court vacates the trial date and orders the parties to participate in a settlement conference.[5] The Court would have taken the same action at the pretrial conference if it had not earlier learned of this issue in reviewing the docket for this motion. The parties previously chose to participate in a

---

[5] If the parties did timely participate in a settlement conference, it apparently was not attended by Leal. If that is the case, the parties must participate in an additional mediation attended personally by Leal and the principal of GS Holistic – with any costs and attorney fees incurred by the Defendant in connection with the second settlement conference paid by Plaintiff. To be clear, having GS Holistic's principal "available" is not sufficient.

settlement conference with Magistrate Judge Kim, but Judge Kim is not available to hold a settlement conference before August 2026. Therefore, the parties should contact Judge Kim's Courtroom Deputy Clerk immediately to schedule a date in August on Judge Kim's earliest open date. Failure to schedule a date or failure to comply with this Court's order concerning who must appear in person (unless excused by Judge Kim) and Judge Kim's orders will result in sanctions, which may include dismissal.

If the matter does not settle, the parties are to meet and confer and propose new pretrial conference and trial dates.

IT IS SO ORDERED.

Date: May 11, 2026

Dale S. Fischer
United States District Judge